Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205690)
payson.lemeilleur@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No. 2:19-cv-04980 <br><br> **NOMADIX'S COMPLAINT FOR BREACH OF CONTRACT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Nomadix hereby complains of Defendant Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") and alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. Plaintiff Nomadix and Defendant Guest-Tek entered into a *Confidential License Agreement*, a written license agreement with effective date December 30, 2010 (the "License Agreement"). This Complaint states a cause of action for breach of contract—specifically, for breach of the License Agreement. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

2. Plaintiff Nomadix is a Delaware corporation having its principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

3. Defendant Guest-Tek is an Alberta corporation having its principal place of business at Suite 600, 777 8 Ave SW, Calgary, Alberta T2P 3R5, Canada.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The License Agreement specifies that disputes arising under the contract shall be brought in the United States District Court for the Central District of California. Under the License Agreement, with respect to Nomadix's claim for breach of contract, Guest-Tek has consented to the Court's exercise of personal jurisdiction over Guest-Tek. Guest-Tek has also waived any objections to venue in the present judicial district and to the Court's exercise of personal jurisdiction over Guest-Tek.

## FIRST CLAIM FOR RELIEF:
## BREACH OF CONTRACT

6. In 2009, Nomadix sued Guest-Tek in this judicial district for infringement of six Nomadix patents in a case captioned *Nomadix, Inc. v. Hewlett-Packard Co. et al.*, No. CV09-08441 (the "2009 Litigation"). Nomadix eventually added a claim against Guest-Tek for infringement of a seventh Nomadix patent.

Guest-Tek filed counterclaims for declaratory judgment of noninfringement and invalidity of those seven Nomadix patents.

7. In late December 2010, Nomadix and Guest-Tek settled their claims against one another in the 2009 Litigation. As part of the settlement, Nomadix and Guest-Tek entered into the License Agreement. Exhibit 1 to this Amended Complaint is a true and correct copy of the License Agreement as originally executed, excluding the original Schedule B.

8. In October 2016, Nomadix sued Guest-Tek for breach of Guest-Tek's royalty obligations under the License Agreement, seeking millions of dollars in unpaid royalties. That case is currently pending as Case No. CV16-08033, before the Honorable André Birotte Jr. in the United States District Court for the Central District of California (the "Royalty Litigation").

9. The License Agreement is a valid and enforceable written contract binding on Nomadix and Guest-Tek.

10. Clause 8.10 of the License Agreement states:

> 8.10 <u>Forum Selection</u>. Subject to clauses 7.1 and 7.2, all disputes arising out of or in connection with this Agreement shall be brought in the United States District Court for the Central District of California ("District Court") and the Parties each consent to the personal jurisdiction of that court. The Parties each waive all objections to venue and all *forum non conveniens* objections with respect to such District Court and the Parties shall not contest the personal jurisdiction of such District Court or that venue is proper in such District Court. To the extent that any dispute arising out of this Agreement may not be brought in the District Court, such dispute shall be brought in a California Superior Court in Los Angeles

County or Orange County ("Superior Court") and the Parties each consent to the personal jurisdiction of such Superior Court. The Parties each waive all objections to venue and all *forum non conveniens* objections with respect to such Superior Court and the Parties shall not contest the jurisdiction of such Superior Court or that venue is proper in such Superior Court, except that any Party may make any objection favoring litigation in the District Court. The Parties agree that the prevailing Party in such District Court or Superior Court action will be entitled to reimbursement by the losing Party for any and all legal fees and costs incurred by the prevailing Party in preparing for and conducting such action.

11. Over a year after the Royalty Litigation began, Guest-Tek initiated cases before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office, including cases IPR2018-01660, IPR2018-01668, IPR2019-00211, and IPR2019-00253. In each of these cases, Guest-Tek petitioned for *inter partes* review of a patent, challenging the validity of claims of that patent. In each of these cases, the patent Guest-Tek challenged was U.S. Patent No. 8,266,266, U.S. Patent No. 8,725,899, U.S. Patent No. 7,953,857, or U.S. Patent No. 8,626,922. In each case, Guest-Tek sought or is seeking cancellation of claims of the challenged patent. In each case, Guest-Tek named Nomadix as the patent owner.

12. U.S. Patent Nos. 8,266,266 and 8,725,899 are both Licensed Patents under the License Agreement. U.S. Patent No. 7,953,857 and U.S. Patent No. 8,626,922 are both Bandwidth Management Patents under the License Agreement.

13. Guest-Tek contends that the cancellation of claims Guest-Tek sought or seeks in cases IPR2018-01660, IPR2018-01668, IPR2019-00211, and IPR2019-00253 would give Guest-Tek a defense to Nomadix's claim against Guest-Tek in the Royalty Litigation for breach of Guest-Tek's royalty obligations under the License Agreement.

14. The PTAB has denied institution in cases IPR2018-01660 and IPR2018-01668, but Guest-Tek has requested rehearing in each of those cases. On May 28, 2019, the PTAB instituted *inter partes* review of U.S. Patent No. 8,626,922 in case IPR2019-00253. On May 30, 2019, the PTAB instituted *inter partes* review of U.S. Patent No. 7,953,857 in case IPR2019-00211. Institution of *inter partes* review in cases IPR2019-00211 and IPR2019-00253 will require Nomadix to defend the validity of its patents at least through two year-long trials before the PTAB.

15. Guest-Tek has breached the License Agreement by initiating disputes at the PTAB regarding the validity of Nomadix's patents, including by initiating cases IPR2018-01660, IPR2018-01668, IPR2019-00211, and IPR2019-00253.

16. Guest-Tek has stated to this Court in the Royalty Litigation that Guest-Tek intends to initiate additional disputes before the PTAB challenging patents licensed under the License Agreement.

17. One of the benefits Nomadix bargained for in the License Agreement was that all disputes arising out of or in connection with the License Agreement would be brought in the United States District Court for the Central District of California or in a California Superior Court in Los Angeles County or Orange County. To the extent a monetary value could be assigned to this bargained-for benefit, it cannot be easily calculated. By bringing disputes over patent validity before the PTAB, Guest-Tek has deprived Nomadix of that bargained-for benefit and has thus harmed Nomadix in a manner that cannot be easily translated to a monetary amount. Guest-Tek's legal challenges to Nomadix's patents threaten

further irreparable harm. For example, the aim of the cases Guest-Tek has initiated in the PTAB has been to irreparably harm Nomadix through the loss of unique, intangible assets; if the PTAB granted Guest-Tek the relief it has sought, Nomadix would be irreparably deprived of the benefit of the forum-selection clause it bargained for in clause 8.10 of the License Agreement.

18.  Legal remedies would be inadequate to afford relief for Guest-Tek's violation of its obligation not to challenge Nomadix's patents. Pecuniary compensation cannot afford adequate relief for the harm; at the very least, it would be extremely difficult to ascertain the amount of money that would afford adequate relief for the harms to Nomadix and its intangible assets.

19.  Under the License Agreement, Guest-Tek owes Nomadix its legal fees and costs to prepare for and conduct this action to enforce the License Agreement.

20.  Nomadix has already incurred legal fees and costs in opposing Guest-Tek's challenges before the PTAB that Nomadix would not have incurred but for Guest-Tek's failure to comply with the License Agreement's forum-selection clause. Nomadix will continue to incur such legal fees and costs until Guest-Tek's improper challenges to Nomadix's patents are terminated.

## PRAYER FOR RELIEF

Nomadix respectfully prays for the following relief:

A.  an order adjudging Guest-Tek to have breached the License Agreement, including by having breached its obligations under clause 8.10;

B.  a declaration of Guest-Tek's obligations under clause 8.10 of the License Agreement;

C.  an order of specific performance of Guest-Tek's obligations under clause 8.10 of the License Agreement, including preliminary and permanent injunctions enjoining Guest-Tek from breaching its obligations, requiring Guest-Tek to seek withdrawal and dismissal at the PTAB of any and all pending challenges to licensed Nomadix patents before the PTAB in which Guest-Tek is

the real party in interest, and enjoining Guest-Tek as the real party in interest from filing any additional challenges to licensed Nomadix patents before the PTAB in violation of clause 8.10 of the License Agreement;

    D.    an award of all legal fees and costs, including attorneys' fees, that Nomadix incurs to prepare for and conduct this action against Guest-Tek and to oppose Guest-Tek's challenges before the PTAB, whether as a contractual or statutory right, as compensation incidental to specific performance, as delay damages, or as any other form of appropriate relief;

    E.    in the alternative to specific performance of Guest-Tek's obligations under clause 8.10, an award of general, compensatory, consequential, and special damages arising from Guest-Tek's breach of clause 8.10;

    F.    an award of prejudgment and postjudgment interest; and

    G.    such other relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 7, 2019

/s/ *Douglas G. Muehlhauser*
Douglas G. Muehlhauser
Payson LeMeilleur
Mark Lezama

Attorneys for Plaintiff
NOMADIX, INC.

Case 2:19-cv-04980-AB-SK   Document 1   Filed 06/07/19   Page 8 of 8   Page ID #:8

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Nomadix hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 7, 2019

/s/ *Douglas G. Muehlhauser*
Douglas G. Muehlhauser
Payson LeMeilleur
Mark Lezama

Attorneys for Plaintiff
NOMADIX, INC.

30622481

- 7 -