UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT, LTD.,<br><br>Defendant. | Case No. 2:19-cv-04980-AB-FFM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION [Dkt. No. 121]** |

## I. INTRODUCTION

Before the Court is Plaintiff Nomadix, Inc.'s ("Nomadix") motion for a permanent injunction. (Dkt. No. 121.) Defendant Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") opposes Nomadix's motion. (Dkt. No. 122.) For the reasons stated below, the Court **GRANTS** Nomadix's motion for a permanent injunction.

## II. BACKGROUND

This case arises from the breach of a forum selection clause negotiated between the parties. On January 23, 2020, the Court granted Nomadix's summary judgment motion, concluding that Guest-Tek breached the parties' forum selection clause by filing *inter partes* review petitions in the United States Patent and Trademark Office's

Patent Trial and Appeal Board ("PTAB") challenging several of Nomadix's patents. (*See* Dkt. No. 113.) In particular, the Court concluded that by filing *inter partes* review petitions in the PTAB, Guest-Tek breached Section 8.10 of the parties' License Agreement, which provides, in relevant part, that "all disputes arising out of or in connection with this Agreement shall be brought in the United States District Court for the Central District of California[.]" (*Id.*)

After granting Nomadix's summary judgment motion, the Court ordered the parties to submit a proposed judgment within ten days. (*Id.*) Nomadix submitted its proposed judgment on February 3, 2020, seeking a permanent injunction. (*See* Dkt. No. 115.) Because Nomadix did not move for a permanent injunction in its summary judgment motion, the Court denied Nomadix's request to enter its proposed judgment, and set a briefing schedule on the issue of whether a permanent injunction should issue. (*See* Dkt. No. 120.)

**III. LEGAL STANDARD**

Because Nomadix seeks a permanent injunction to enforce its meritorious California breach of contract claim, California law governs whether a permanent injunction should issue. *See Sullivan By and Through Sullivan v. Vallejo City Unified Sch. Dist.*, 731 F. Supp 947, 956 (E.D. Cal. 1990) ("Where federal courts are called upon to adjudicate a claim predicated on state law, under either its diversity or pendent claim jurisdiction, there appears to be no question that the ultimate issue of whether injunctive relief may issue must be decided under applicable state law." (citing 7 Moore's Federal Practice, Pt. 2, ¶ 65.18[1])). Pursuant to California's Civil Code, a permanent injunction may be granted to prevent the breach of an obligation where: (1) pecuniary compensation would not afford adequate relief, (2) it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, (3) the restraint is necessary to prevent a multiplicity of judicial proceedings, or (4) the obligation arises from a trust. *See* Cal. Civ. Code § 3422.

//

## IV. DISCUSSION

### a. Nomadix has demonstrated that pecuniary compensation would not afford it adequate relief for its breach of contract claim.

In moving for a permanent injunction, Nomadix identifies several injuries that it alleges cannot be adequately remedied by monetary damages. For a remedy at law to be adequate, "[i]t must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future." *See Hicks v. Clayton*, 136 Cal. Rptr. 512, 520 (Ct. App. 1977) (quoting *Quist v. Empire Water Co.*, 269 P. 533, 535 (Cal. 1928)); *see also Andal v. City of Stockton*, 40 Cal. Rptr. 3d 34, 37 (Ct. App. 2006) ("[E]quitable relief will not be granted if there is a plain, complete, speedy, and adequate remedy at law."). As a result of Guest-Tek's breach of the forum selection clause, Nomadix has suffered injuries including: (1) loss of the presumption of patent validity that is applied in district court proceedings pursuant to 35 U.S.C. § 282(a), (2) loss of the ability to assert contract-based defenses to Guest-Tek's patent invalidity challenges, and (3) loss of the opportunity to have its patents' validity determined by a jury of at least six persons from the Los Angeles area. With respect to these injuries, money damages would not afford an adequate and complete remedy. Although money damages may compensate Nomadix for its litigation expenses in the PTAB, such damages would not secure to Nomadix its whole rights under the forum selection clause to litigate patent validity in the United States District Court for the Central District of California.[1] *See Hicks*, 136 Cal. Rptr. at 520; *see also Dodocase VR, Inc. v. MerchSource, LLC*, 767 F. App'x. 930, 935 (Fed. Cir. 2019) (mem.)

---

[1] Separately, the Court rejects Guest-Tek's argument that a final injunction cannot issue under California Civil Code § 3422 because such an injunction would not "prevent the breach of an obligation." Here, Nomadix has shown that Guest-Tek's breach of the forum selection clause is ongoing, as Guest-Tek continues to seek to invalidate Nomadix's patents in the PTAB. Accordingly, issuing a final injunction under California Civil Code § 3422 would prevent this ongoing breach of the parties' forum selection clause.

(holding that filing a petition for *inter partes* review in the PTAB in breach of a forum selection clause constitutes irreparable injury under the preliminary injunction standard set out in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)).

Accordingly, because Nomadix has shown that money damages would not provide adequate relief for Guest-Tek's breach of the parties' forum selection clause, the Court **GRANTS** Nomadix's motion for a permanent injunction. The Court shall enter Nomadix's proposed judgment separately from this order.

**IT IS SO ORDERED**.

Dated: April 22, 2020

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE