Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205690)
payson.lemeilleur@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NOMADIX, INC.,

Plaintiff,

v.

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,

Defendant.

Case No. CV19-04980 AB (FFMx)

**NOMADIX'S EMERGENCY *EX PARTE* APPLICATION TO MODIFY STAY ORDER (DKT. NO. 133)**

Honorable André Birotte Jr.

On Friday, April 24, the Court stayed the permanent injunction solely to allow the Ninth Circuit to decide Guest-Tek's promised emergency motion to stay the injunction pending appeal. (Dkt. No. 133.) As currently worded, however, the stay creates a loophole that threatens to result in "Nomadix . . . permanently los[ing] the ability to enforce the parties' forum selection clause." (*Id.* at 5.)

The stay order does not attach any conditions or temporal limitations. **As a result, Guest-Tek has no incentive to seek emergency relief from the Ninth Circuit now. Nor does Guest-Tek have any incentive to file any emergency motion expeditiously.**

The Court has ordered the parties to file a status report within a day of the Ninth Circuit deciding Guest-Tek's emergency motion. (*Id.*) But that does nothing to mitigate the irreparable harm Nomadix is facing because Guest-Tek has no incentive to file any emergency motion now, much less ask the Ninth Circuit to decide the motion within a few days' time.

The Ninth Circuit has a special phone line and e-mail address for its emergency motions unit that is monitored 24 hours a day, but Guest-Tek has delayed filing its motion. Guest-Tek was motivated to file its emergency application in this Court (Dkt. No. 130) because the injunction required Guest-Tek to take steps to terminate the PTAB proceedings within two days. Now that the injunction is stayed, there is no order requiring Guest-Tek to act, and Guest-Tek therefore has no reason to seek emergency relief from the Ninth Circuit.

Just as importantly, now that there is no deadline by which Guest-Tek must comply with the injunction, it is unclear whether Guest-Tek can even satisfy the criteria for an emergency motion under Ninth Circuit Rule 27-3, which requires a movant to need "relief within 21 days to avoid irreparable harm" and to clearly state "the date by which relief is needed."

There is a simple solution: the Court should set a date by which the stay will lift automatically. Because of the incredibly limited window remaining for the

parties to seek termination of the PTAB proceedings, Nomadix urgently and respectfully requests that the Court modify its order such that the stay of the injunction lifts automatically on **April 29, 2020**. In no event should the stay last any longer than May 1, 2020. If the injunction remains inoperative any longer than that, the likelihood of terminating the pending PTAB proceedings—and avoiding irreparable harm to Nomadix—decreases dramatically.

**A. Every day counts for Nomadix: to have a realistic chance of terminating the IPRs, the injunction must come back into effect on April 29, 2020**

The Court concluded that a stay of the permanent injunction was not warranted because "the May 28, 2020 deadline for a decision by the PTAB may permanently jeopardize Nomadix's ability to enforce the parties' forum selection clause." (Dkt. No. 133 at 5.) But the May 28 deadline does not mean that Nomadix has a month to seek termination. To have a realistic chance of obtaining termination, the parties must request termination ***immediately***.

First, the May 28 deadline is the *last* day by which the PTAB can issue a final decision in IPR2019-0253. But the PTAB rarely waits until the last day to issue its decision. For example, earlier this month, the PTAB issued a final decision in *Apple, Inc. v. Uniloc 2017 LLC*, IPR2019-00219. The PTAB issued its decision on April 13, 2020—almost a *full month* before its statutory deadline of May 9, 2020. (Ex. 1 (showing dates).) In the present case, it is therefore generous to Guest-Tek to analyze the timing assuming the PTAB will issue its decisions **no later than May 14**. As the *Apple* IPR demonstrates, the PTAB could issue its final decision on Nomadix's patents as early as Monday, April 27.

Second, even when it has not yet issued its final decision in writing, the PTAB may deny a request to terminate if it has already internally "decided the merits of the proceeding before the request for termination is filed." 35 U.S.C. § 317(a). Guest-Tek even highlighted this risk in its own application to this Court, citing several instances in which the PTAB denied a joint motion to terminate

because, although the PTAB had not issued its final written decision, the PTAB had already deliberated and decided the merits before the parties moved to terminate. (Dkt. No. 130 at 2 (citing IPR2016-01187, IPR2015-00969, IPR2015-00980, IPR2015-01031, IPR2013-00036).) For example, in IPR2015-00969, the PTAB's one-year statutory deadline for a final decision was September 23, 2016. (*See* Ex. 2 (final two pages, instituting review Sept. 23, 2015).) The parties jointly requested termination on August 4, 2016, **over a month and a half before the PTAB's deadline**, but the PTAB still denied termination because it had "deliberated and decided the merits of each proceeding before the requests were filed on August 4, 2016." (*Id.* at 4.)

In this case, only a month remains until the PTAB's statutory deadline. There is already a dangerously high likelihood that the PTAB has reached an internal decision on the merits and is merely finalizing the wording of its opinion. With every day that passes, that risk only increases. To have any realistic chance of being granted, any motion to terminate must therefore be filed with the PTAB ***immediately*****; failing that, the motion should be filed no later than May 7**.

Third, the parties must first seek authorization from the PTAB to even request termination. 37 C.F.R. § 42.20. The PTAB takes time to grant that authorization, often scheduling a conference call before providing such authorization. After receiving authorization, the parties must file their motion to terminate. The PTAB will then take time to consider the motion. Moreover, under the current terms of the injunction, the parties have two business days from entry of the judgment to seek authorization from the PTAB and then another two business days from receiving such authorization to file their motion to terminate. (Dkt. No. 129 ¶ 2.) Assuming the PTAB itself takes at least two business days to grant authorization, the parties must request authorization to move to terminate ***immediately*****, and in all events no later than April 29**.

The following timeline illustrates these dates:

**May 2** (26 days before statutory deadline)
PTAB issued **final** decision in *Apple v. Uniloc* (Ex. 1)
(shown here relative to deadline in Nomadix case)

Too late to move to terminate; highly likely PTAB has decided merits

Likelihood that PTAB has decided merits

**~May 1**
Approx. last day for conference call with PTAB

**~May 4**
Approx. last day for PTAB to authorize termination motion

**May 14**
Highly likely PTAB has issued final decision

**May 28**
Statutory deadline for final decision–but cannot assume PTAB will wait until last day

**May 7**
Highly likely PTAB has decided merits; after this, termination likely denied
**Termination motion must be filed**

**April 29**
**Injunction must resume**
Approx. last day to request authorization to file termination motion

**B. Setting the stay to lift automatically on April 29 is a reasonable condition necessary to secure Nomadix's rights**

A court "may suspend . . . an injunction" while an appeal is pending, but only "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). As currently drafted, the stay order does not secure Nomadix's rights.

**1. The Court assumed Guest-Tek would file an emergency motion that the Ninth Circuit would decide promptly, but that cannot happen unless the stay will automatically lift on a date certain**

As the Court has recognized, a stay jeopardizes Nomadix's ability to enforce the forum-selection clause in view of the PTAB's statutory deadline. For example,

the Court noted: "Nomadix has shown that it will be unable to enforce the parties' forum selection clause once the PTAB issues a decision, which it must do by May 28, 2020," and Nomadix may therefore "permanently lose the ability to enforce the parties' forum selection clause if a stay is issued." (Dkt. No. 133 at 5.) As discussed in the preceding section, a very narrow window remains for the parties to request termination of the PTAB proceedings and have a realistic chance of the PTAB granting the request. Accordingly, the Court denied a stay pending appeal. Yet the Court also granted a stay "pending the Ninth Circuit's decision on Guest-Tek's forthcoming emergency motion to stay." (Dkt. No. 133 at 1.)

It is therefore clear that the Court's stay decision was premised on Guest-Tek's representation that it would file a motion for ***emergency*** relief from the Ninth Circuit and further premised on the assumption that Guest-Tek would file its motion immediately and that the Ninth Circuit would decide the motion promptly.

Yet, under the current wording of the stay order, the stay is of indefinite duration and provides no incentive to Guest-Tek to seek emergency relief from the Ninth Circuit. Indeed, with the injunction now stayed, **Guest-Tek has no impending deadline by which it must join Nomadix in seeking termination of the PTAB proceedings**.

Guest-Tek has yet to file its motion at the Ninth Circuit. When conferring on this application, Guest-Tek indicated that it had not taken any steps yet to file its emergency motion. (Ex. 3.) Nomadix asked Guest-Tek to file its emergency motion in the Ninth Circuit by April 27 and request relief by April 29, but Guest-Tek did not respond. (*Id.*) Nomadix agreed in advance to an expedited briefing schedule on the emergency motion. (*Id.*) To Nomadix's knowledge, Guest-Tek has failed to contact the Ninth Circuit's emergency motions unit as the Ninth Circuit directs emergency movants to do. Delay is in Guest-Tek's interest—the more time that passes, the more likely it is the PTAB proceedings will reach a final decision.

Without a clear deadline by which Guest-Tek must act, it is unclear how Guest-Tek will be able to file an emergency motion with the Ninth Circuit, let alone position its motion for a prompt decision by the Ninth Circuit. Ninth Circuit Rule 27-3 allows an emergency motion when "a movant needs relief within 21 days to avoid irreparable harm." The movant must "clearly state on the caption page of the motion **the date by which relief is needed**." 9th Cir. R. 27-3(b) (emphasis added). The movant must also submit a certificate setting forth "the facts showing the existence and nature of the claimed emergency." 9th Cir. R. 27-3(c)(ii). Without a clear, rapidly approaching date on which the injunction will be restored, Guest-Tek cannot meet the criteria of Circuit Rule 27-3. Unless the stay of the injunction is set to lift automatically, Guest-Tek cannot identify a date by which it needs relief from the Ninth Circuit. Indeed, without a date on which the injunction will resume, **Guest-Tek currently has no relief to request from the Ninth Circuit**.

Put another way, unless the Court sets a date on which the injunction will lift automatically, the stay the Court intended to be temporary will become tantamount to the stay pending appeal that the Court found was not warranted.

**2. The Court should modify its stay order so that the injunction resumes effect on April 29**

As explained in section A above, for there to be a reasonable chance that the PTAB will agree to terminate the proceedings that violate the forum-selection clause, the parties must request authorization to file a motion to terminate immediately, and in all events no later than April 29, 2020. Setting the stay to lift automatically on April 29 is therefore necessary to "secure [Nomadix's] rights." Fed. R. Civ. P. 62(c). If the Court does not agree to set the stay to lift on April 29, the Court should set the stay to lift no later than May 1.

It is clear the Court intended the stay to last only a short amount of time so that Guest-Tek could promptly present an emergency motion to the Ninth Circuit.

When considering how much of an accommodation to grant Guest-Tek, it is imperative to bear two points in mind. First, Guest-Tek has every incentive to delay. Second, Nomadix is the party facing irreparable harm in the form of permanently losing its ability to enforce the forum-selection clause, whereas the Court has already concluded that Guest-Tek failed to demonstrate any irreparable harm warranting a stay. (Dkt. No. 133 at 3–5.) The balance of the equities and hardships therefore dictates that the stay should lift on April 29 to secure Nomadix's rights and the effectiveness of the injunction.

In discussing the present application, counsel for Guest-Tek suggested that it could not file its emergency motion until an appeal had been docketed. But the Ninth Circuit maintains a 24 hour phone line for situations requiring immediate attention. If an appellant needs to file an emergency motion before a docket number is assigned to the appeal, the Ninth Circuit directs the party to "contact the Motions Attorney Unit at 415-355-8020 to obtain authorization under Circuit Rule 25-3.1 to transmit the motion via facsimile or electronic mail." Cir. Adv. Comm. Note R. 25-5. Moreover, parties seeking emergency relief can coordinate with the Ninth Circuit's emergency motions unit "via email (emergency@ca9.uscourts.gov) or telephone (415.355.8020) before or upon filing the motion." Cir. Adv. Comm. Note R. 27-3. Furthermore, these procedures allow the Ninth Circuit to consider "emergency motions requiring same day or next day action." 9th Cir. General Order 6.4.b (capitalization altered).

### C. The Court should also adjust the terms of the injunction to help compensate for the time lost during the stay

The process of seeking termination at the PTAB is lengthy and involves multiple steps. Since the Court has granted Guest-Tek's request to stay the injunction despite concluding that Guest-Tek cannot meet the standard for obtaining a stay pending appeal, the Court should adjust the terms of the injunction to minimize the prejudice to Nomadix once the stay is lifted. Specifically, the

timeline of the termination process required by the injunction should be adjusted to be more expeditious:

- Originally, the injunction required Guest-Tek to join Nomadix in requesting authorization for termination within two business days of the judgment's entry in the civil docket. (Dkt. No. 129 ¶ 2.) That event should now be triggered on the lifting of the stay, and should occur the ***same day*** the stay lifts.
- To avoid unnecessary disputes, the injunction should now spell out the e-mail the parties send to the PTAB to request authorization to file a motion to terminate. Nomadix has set forth the contents of this e-mail in its proposed order.
- The injunction currently requires Guest-Tek to join Nomadix in filing the motions to terminate within two days of receiving authorization from the PTAB. The injunction should be modified to require Guest-Tek to join Nomadix in filing the motion the same day the parties receive authorization from the PTAB.

**D. Guest-Tek opposes**

Nomadix informed Guest-Tek that it would be filing this emergency *ex parte* application and that Guest-Tek's response would be due Monday. Guest-Tek confirmed it opposes the application. (Ex. 3.)

Guest-Tek's counsel of record have provided the following contact information:

Guest-TekCA@bakerlaw.com (distribution list for all Guest-Tek attorneys)

Kevin M. Bovard
kbovard@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
(215) 564-2727

Meghan Rohling Kelly
mkelly@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
(610) 202-2155
(215) 564-8390
(310) 979-8490

Michael J. Swope
mswope@bakerlaw.com
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
(206) 313-0143
(206) 332-1386
(206) 332-1379

Andrew E. Samuels
asamuels@bakerlaw.com
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
(614) 462-2699
(614) 228-1541

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 26, 2020

/s/ *Mark Lezama*
Douglas G. Muehlhauser
Payson LeMeilleur
Mark Lezama
Justin J. Gillett

Attorneys for Plaintiff
NOMADIX, INC.