UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>Defendants. | Case No.: 2:19-cv-04980-AB (FFM)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NOS. 179, 180]** |

Before the Court is Defendant Guest-Tek Interactive Entertainment Ltd.'s Motion for Reconsideration ("Motion," Dkt. Nos. 179, 180). Plaintiff Nomadix, Inc. filed an Opposition (Dkt. No. 182), and Guest-Tek filed a Reply. (Dkt. No. 183). The Court **DENIES** the Motion.

### I. BACKGROUND

The Court detailed the parties' extensive history in several prior orders. For the purposes of this Motion, the Court summarizes the relevant facts. The Court granted Nomadix's motions for summary judgment and a permanent injunction. (Dkt. Nos. 113, 121). The Court entered judgment in favor of Nomadix, the prevailing party in

1.

1  this action. (Dkt. No. 129). Guest-Tek appealed. (Dkt. No. 132). Nomadix filed a
2  motion for attorneys' fees and costs, which Guest-Tek opposed. (Dkt. Nos. 146, 148,
3  152, 160, 164). In its Opposition to Nomadix's fee motion, Guest-Tek argued in favor
4  of the Court deferring its ruling pending its appeal and raised several other arguments
5  to justify a reduction in the amount requested. (Dkt. No. 160, 164). The Court
6  exercised its discretion and awarded Nomadix $1,099,310 in attorneys' fees and $400
7  in taxable costs. *See* Order (Dkt. No. 178). In a footnote in the Order, the Court stated
8  "In its Opposition, Guest-Tek primarily argues that the Court should defer
9  consideration on Nomadix's Motion for Attorneys' Fees and Costs pending the Ninth
10 Circuit appeal. (Opp'n at 5-6). However, that argument is omitted from the Court's
11 analysis because the parties subsequently stipulated to the voluntary dismissal of the
12 appeal. (Dkt. No. 169)." The Court incorrectly stated that the appeal was dismissed; in
13 fact, only a cross-appeal was dismissed. Based on that error in the Order, Guest-Tek
14 filed this Motion for Reconsideration. (Dkt. No. 179). For the reasons set forth in this
15 Order, the Court's discretionary decision to award Nomadix attorneys' fees remains
16 unaffected.

**II. LEGAL STANDARD**

Fed. R. Civ. P. 59 (e) grants a district court discretion to reconsider and amend a previous order as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under Local Rule 7-18 (c), a motion for reconsideration of the decision on any motion may be made upon "a manifest showing of a failure to consider material facts presented to the Court before such decision."

**III.   DISCUSSION**

Guest-Tek seeks reconsideration of the Court's Order or in the alternative, a stay of execution of the Order under Fed. R. Civ. P. 62 (b).[1] Guest-Tek argues that the Court failed to consider a material fact in its Order, namely Guest-Tek's pending appeal. (Mot. 1).

Had the Court considered the fact that an appeal was pending, the Court would have still resolved the fees motion, as doing so is in the interest of judicial economy, especially relative to the appeal. Deferring resolution of the fees motion until after the appeal could have resulted in two appeals, prolonging the final resolution of this case. The Court notes that "the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *Sport Dimension, Inc. v. Coleman Co.*, No. CV 14-00438 BRO (MRWx), 2015 WL 10013784, at *4 n.1 (C.D. Cal. June 4, 2015) (quoting *Lugus IP, LLC v. Volvo Car Corp.*, No. 12–2906 JEI/JS, 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015). Nothing in Guest-Tek's initial opposition or in its motion for reconsideration persuade the Court to depart from this usual approach. Furthermore, Guest-Tek's primary concern was judicial economy: it argued that the Court should defer the ruling because the "Court's work on Nomadix's fee motion would be wasted." (Opp'n 6, Dkt. No. 160). But given that the Court has already resolved the motion and issued its Order, judicial economy would be undermined by this Court either withdrawing or striking that order.

Guest-Tek's alternative request to stay the Order pending appeal is denied. Guest-Tek sought this alternative "[f]or the same reasons" (Mot. 2:10) it sought reconsideration, and failed to separately address the legal standard for obtaining a stay. This is insufficient to secure a stay.

---

[1] Fed. R. Civ. P. 62 (b) provides that "a party may obtain a stay by providing a bond or other security" after judgment is entered.

3.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Guest-Tek's Motion for Reconsideration (Dkt. Nos. 179, 180).

Dated: September 23, 2020

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE