William W. Oxley, SBN 136793 (Admitted in Related Case)
Email: woxley@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
Jeffrey W. Lesovitz (Admitted *Pro Hac Vice* in Related Case)
Email: jlesovitz@bakerlaw.com
Meghan Rohling Kelly, SBN 292236
Email: mkelly@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No.: 2:19-cv-04980-AB-FFM <br><br> *Honorable André Birotte Jr.* <br><br> **GUEST-TEK'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR STAY OF EXECUTION PENDING APPEAL** |

1  Michael J. Swope (Admitted *Pro Hac Vice*)
   Email: mswope@bakerlaw.com
2  **BAKER & HOSTETLER LLP**
   999 Third Avenue, Suite 3500
3  Seattle, WA 98104-4040
   Telephone: 206.332.1379
4  Facsimile: 206.624.7317

5  Andrew E. Samuels (Admitted *Pro Hac Vice*)
   Email: asamuels@bakerlaw.com
6  **BAKER & HOSTETLER LLP**
   200 Civic Center Drive, Suite 1200
7  Columbus, OH 43215-4138
   Telephone: 614.228.1541
8  Facsimile: 614.462.2616

9  Thomas D. Warren (SBN 160921)
   Email: tom.warren@warrenterzian.com
10 **WARREN TERZIAN LLP**
   700 S. Flower Street, Suite 1000
11 Los Angeles, CA 90017
   Telephone: 213.410.2620

12
   *Attorneys for Defendant*
13 GUEST-TEK INTERACTIVE
   ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

GUEST-TEK'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR STAY OF EXECUTION PENDING APPEAL; CASE NO.: 2:19-CV-04980-AB-FFM

Guest-Tek applied for stay of execution pending appeal under Rule 62(b), which provides: "At *any time* after judgment is entered, a party may obtain a stay by providing a bond or other security. ***The stay takes effect when the court approves the bond*** or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b) (emphasis added). Yet Nomadix never mentions Rule 62(b) in its opposition brief and points to nothing to support its apparent argument that the clear language of Rule 62(b) does not apply in this case. Instead, Nomadix faults Guest-Tek for posting a bond for 125% of the judgment, which is entirely consistent with typical practice, on October 6 instead of September 29, and insists, without supporting authority, that Guest-Tek must get a new bond of approximately $1.6 million. (Dkt. No. 211 at 1, 5.) Nomadix's arguments should be rejected, Guest-Tek's bond should be approved, and the Court should stay execution on the judgment pending appeal.

Contrary to Nomadix's portrayal, Guest-Tek has worked diligently to obtain a supersedeas bond. By August 10—just days after Nomadix's fees-and-costs motion was granted (Dkt. No. 178)—Guest-Tek had already applied for a bond. Kelly Reply Decl. Ex. A. At all times since then, Guest-Tek has continued to work to obtain a bond. Guest-Tek's efforts were complicated by the fact that Guest-Tek, a Canadian company, had to coordinate its efforts with a Canadian bank and an American insurer. But Nomadix knew all along that Guest-Tek was willing and able to post a bond. As early as August 26, Guest-Tek had requested a stay of execution upon the posting of a supersedeas bond. (Dkt. No. 183 at 3.)[1] Yet Nomadix never bothered to check on the status of Guest-Tek's bond before rushing to the Court to seek a writ of execution and an order appointing a process server.

Moreover, the stay that Guest-Tek seeks will not disrupt any "current enforcement process" because there is no "enforcement process" underway.

---

[1] Guest-Tek made that request in a post-judgment motion under Rule 59 and is not moving for "reconsideration of th[e] denial" of that motion. (*Contra* Dkt. No. 211 at 2.) Guest-Tek's current application is based on Rule 62(b), not Rule 59.

- 1 -
GUEST-TEK'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR STAY OF EXECUTION PENDING APPEAL; CASE NO.: 2:19-CV-04980-AB-FFM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(*Contra* Dkt. No. 211 at 2.) There is only a writ of execution, entered on September 17, and an order appointing a process server for the writ, entered on October 7—*after* Guest-Tek filed lodged its bond and *after* Guest-Tek moved to quash Nomadix's 1,633 subpoenas to Guest-Tek's customers. (Dkt. Nos. 193, 207, 209, 212.) If any attempted "enforcement process" is underway, then it began after Guest-Tek notified Nomadix and the Court that it had posted its bond. Further, that "process" must improperly be based on documents and information obtained from subpoenas that never should have been sent to any of the 1,633 Guest-Tek customers and that Guest-Tek has moved to quash.

Because there is no "current enforcement process," Nomadix is wrong to describe Guest-Tek's requested stay as "retroactive." (Dkt. No. 211 at 2.) But no matter how it is labeled, the stay is appropriate. "Ultimately, because '[t]he purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution,'" there is "no harm in exercising [a court's] equitable authority to stay further collection" on a judgment after the appellant posts the bond. *Telecom Asset Mgmt., LLC v. Fiberlight, LLC*, No. 14-cv-00728, 2017 WL 818853, at *3 (N.D. Cal. Mar. 2, 2017) (quoting *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)). As Nomadix's cited authority states, even "retroactive application of a stay" is appropriate to prevent "manifest injustice." *Larry Santos Prods. v. Joss Org., Inc.*, 682 F. Supp. at 905, 906 (E.D. Mich. 1988); *accord Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc.*, No. 06-cv-02527, 2008 WL 5412469, at *6 (D. Colo. Dec. 24, 2008) (citing *Santos*, 682 F. Supp. at 906–07). Here, it would be manifestly unjust for Nomadix to try to enforce the judgment while Guest-Tek's motion for approval of a supersedeas bond and for stay of execution is pending. The amount of Nomadix's judgment will be secured by Guest-Tek's bond throughout Guest-Tek's appeal.

Finally, Guest-Tek's bond amount, equal to 125% the amount of the judgment, is sufficient to secure the judgment. As Nomadix concedes, a 125% bond

falls within the typical range of percentages approved by this Court. (Dkt. No. 211 at 3–4.) Nomadix cites only one case in which an appellant was required to post a larger bond, and in that case the appellees and their counsel were "public interest organizations." *Wishtoyo Found. v. United Water Conservation Dist.*, No. 16-3869, 2019 WL 8226058, at *2 (C.D. Cal. Apr. 11, 2019). Nomadix, by contrast, holds itself out as a "leading provider of intelligent network devices" that "[f]acilitat[es] more than 5 million connections daily worldwide." http://www.nomadix.com (last visited Oct. 8, 2020). Nomadix's speculation about "the likely length, complexity, and cost" of Guest-Tek's appeal does not affect the bond amount. (Dkt. No. 211 at 4.) *Every* appeal involves potential length, complexity, and cost. Nevertheless, the Court's "standard practice" is to approve supersedeas bonds in the amount of "1.25 times the judgment." *KST Data, Inc. v. DXC Tech. Co.*, No. 2:17-cv-7927, 2020 WL 2841402, at *2 (C.D. Cal. Mar. 20, 2020). The Court should do the same here.

Dated: October 8, 2020

BAKER & HOSTETLER LLP

By: */s/ Kevin M. Bovard*
Kevin M. Bovard

Attorneys for Defendant
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.