Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205690)
payson.lemeilleur@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Joseph L. Clasen (admitted *pro hac vice*)
jclasen@rc.com
Ian T. Clarke-Fisher (admitted *pro hac vice*)
iclarke-fisher@rc.com
ROBINSON & COLE LLP
666 Third Avenue, Twentieth Floor
New York, NY 10017
Telephone: 212-451-2910
Facsimile: 212-451-2999

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>　　　　Defendant. | Case No.<br>CV19-04980 AB (FFMx)<br><br>**NOMADIX'S OPPOSITION TO GUEST-TEK'S *EX PARTE* APPLICATION FOR STAY OF RETURN DATE OF SUBPOENAS**<br><br>Honorable André Birotte Jr. |

# I. INTRODUCTION

The Court should deny Guest-Tek's *ex parte* application for a stay of the return date of subpoenas that Nomadix delivered to Guest-Tek's customers. Nomadix delivered subpoenas to Guest-Tek's clients long after the automatic stay period ended and only after Guest-Tek failed to meet its deadline to post a bond. First, Guest-Tek failed to post a bond or offer security sufficient to warrant a stay within the thirty-day period of Rule 62(a). Then, Guest-Tek represented to the Court that it expected to post a bond by September 25 (Dkt. No. 198), but Guest-Tek failed to meet that deadline as well. Guest-Tek never asked Nomadix or the Court for additional time. Accordingly, Nomadix proceeded with efforts to enforce the judgment on September 26 by delivering subpoenas to Guest-Tek's customers. The subpoenas are narrowly tailored and seek only limited documents concerning the payments those customers have made to Guest-Tek since January 2020.

Prior to delivering the subpoenas to the third parties, Nomadix provided notice to Guest-Tek. Even then, Guest-Tek did not ask for more time to post a bond or object to the subpoenas. In fact, Nomadix did not hear anything from Guest-Tek about the subpoenas until yesterday, October 7, when Guest-Tek notified Nomadix that it would be filing the instant *ex parte* motion.

A stay is unwarranted. The response deadline for the subpoenas is not until October 22, 2020. Nonetheless, many third parties have already complied with the subpoenas. No customer has asked for additional time to respond to the subpoena, but, if one were to, Nomadix would consent. Moreover, no party to whom the subpoenas were directed has moved to quash the subpoena and Guest-Tek does not have standing to challenge the subpoenas on their behalf. Accordingly, the Court should deny Guest-Tek's *ex parte* application for a stay of the subpoenas (Dkt. No. 213).

## II. BACKGROUND

On August 6, 2020, the Court awarded Plaintiff Nomadix attorneys' fees and costs in the amount of $1,099,710. (Dkt. No. 178.) The automatic thirty-day stay under Rule 62(a) expired on September 8, 2020. Guest-Tek failed to post a bond by that date and Nomadix obtained a Writ of Execution on September 17, 2020. (Dkt. No. 193.) Guest-Tek represented to the Court on September 22 that it expected to post a bond by September 25. (Dkt. No. 198.) Nomadix provided Guest-Tek until September 25 to post bond, but Guest-Tek failed to meet that target as well.

Instead of timely posting a bond, Guest-Tek chose to litigate a footnote in the fee award. On that basis, on August 12, Guest-Tek moved for reconsideration of the award and, alternatively, for a stay of execution. (Dkt. No. 179.) On September 18, Guest-Tek filed an *ex parte* application to quash the writ of execution because its motion was still pending. (Dkt. No. 194.) The Court denied both motions. (Dkt. Nos. 201, 202.) Because Guest-Tek failed to meet the deadlines to post bond and failed to otherwise secure a stay of execution, Nomadix commenced collection efforts on September 26 by delivering subpoenas to Guest-Tek's customers. The subpoenas sought compliance by October 22 "*OR upon a mutually agreed upon date, time and location.*" Guest-Tek now brings the instant *ex parte* application to stay the October 22 return date on each of the subpoenas Nomadix delivered to Guest-Tek's customers.

## III. THE COURT SHOULD DENY GUEST-TEK'S APPLICATION

A stay of the response deadline is unwarranted. As an initial matter, Guest-Tek has failed to follow the Local Rule 37-1 and 37-2 process for discovery disputes. Moreover, this is the second *ex parte* application Nomadix has been forced to respond to in the past two days (and third over recent weeks). To justify *ex parte* relief, Guest-Tek needed to show (1) that it will be irreparably prejudiced if its underlying request is heard according to regular noticed motion procedures,

and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Guest-Tek has failed to demonstrate that it will be irreparably prejudiced if the motion to stay is heard according to the normal motion procedures. And any need for expedited relief was created by Guest-Tek's delay in asserting its objections.

Additionally, Guest-Tek has not demonstrated a need for a stay. Guest-Tek's purported basis for staying the return date of the subpoenas is that it has filed a motion to quash the subpoenas. (Dkt. No. 209.) In its motion to quash, Guest-Tek argues that the subpoenas are "unnecessary and unduly burdensome." Guest-Tek, however, presupposes that it has standing to challenge the subpoenas on this basis. It does not.

A party lacks standing to quash a non-party subpoena unless the objecting party claims some personal right or privilege with regard to the documents sought. *See Bureau Of Consumer Fin. Protec. v. Certified Forensic Loan Auditors, LLC*, CV1907722ODWJEMX, 2020 WL 1181491, at *1 (C.D. Cal. Mar. 9, 2020). Guest-Tek does not claim any personal right or privilege in the documents. Rather, Guest-Tek asserts undue burden. "A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object". *Id.* (quoting *Kremen v. Cohen*, 2012 WL 2277857, at *3 (N.D. Cal. June 18, 2012)); *see also Wells Fargo and Co. v. ABD Ins., et al.,* 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) ("A party's objection that a third-party subpoena . . . would impose an undue burden [is] not grounds on which a party has standing to move to quash a subpoena when the non-party has not objected."); *Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co.*, No. EDCV 15-979-JGB (SPx), 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016) (denying motion to quash subpoena

because "[a] party lacks standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party").

Guest-Tek also appears to suggest that the subpoenas are excessive based on the sheer number of subpoenas issued. Even assuming this were a legitimate basis for Guest-Tek to challenge the subpoenas (it is not), the responses Nomadix has received to date show that most customers pay Guest-Tek only a few hundred dollars per month. Even on the high end, the customers appear to pay only a few thousand dollars per month. Nomadix is seeking to secure assets to satisfy a $1,099,710 award. Accordingly, each subpoena is necessary. The suggestion that Nomadix's subpoenas were delivered for the improper purpose of harassment is simply wrong.

Guest-Tek has not offered any other legitimate basis to stay the return date of the subpoenas. As discussed above, the response deadline for the subpoenas is not until October 22, 2020. No third party has asked for additional time to respond to the subpoena, but Nomadix would consent to any reasonable request. Indeed, the subpoenas expressly state that the date for compliance is October 22 "*OR upon a mutually agreed upon date, time and location.*"

Finally, Guest-Tek's motion is unnecessary because it will be mooted by the Court's ruling on the already pending motions. On October 6, 2020, Guest-Tek filed an *ex parte* application, along with a proffered bond in the amount of $1,374,637.50 in an attempt to retroactively extinguish the Writ of Execution and stay the current enforcement process. If the Court does not grant the stay Guest-Tek seeks, the subpoenas remain in effect. If Court grants the stay Guest-Tek seeks, the subpoenas will be moot.

Accordingly, the Court should deny Guest-Tek's application in its entirety.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 |   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 4 | Dated: October 8, 2020 | /s/ *Douglas G. Muehlhauser* |
|   |   | Douglas G. Muehlhauser<br>Payson LeMeilleur<br>Mark Lezama<br>Justin J. Gillett |
|   |   | ROBINSON & COLE LLP<br>Joseph L. Clasen<br>Ian T. Clarke-Fisher |
|   |   | Attorneys for Plaintiff<br>NOMADIX, INC. |