William W. Oxley, SBN 136793 (Admitted in Related Case)
Email: woxley@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
Jeffrey W. Lesovitz (Admitted *Pro Hac Vice* in Related Case)
Email: jlesovitz@bakerlaw.com
Meghan Rohling Kelly, SBN 292236
Email: mkelly@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

and

*Attorneys for Nonparty*
GUEST-TEK INTERACTIVE ENTERTAINMENT INC.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No.: 2:19-cv-04980-AB(SKx) <br><br> *Honorable André Birotte Jr.* <br><br> **GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S AND GUEST-TEK INTERACTIVE ENTERTAINMENT INC.'S *EX PARTE* APPLICATION TO QUASH AND RECALL WRIT OF EXECUTION SERVED ON NONPARTY** |

Michael J. Swope (Admitted *Pro Hac Vice*)
Email: mswope@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone: 206.332.1379
Facsimile: 206.624.7317

Andrew E. Samuels (Admitted *Pro Hac Vice*)
Email: asamuels@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone: 614.228.1541
Facsimile: 614.462.2616

Thomas D. Warren (SBN 160921)
Email: tom.warren@warrenterzian.com
**WARREN TERZIAN LLP**
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: 213.410.2620

*Attorneys for Defendant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

and

*Attorneys for Nonparty*
GUEST-TEK INTERACTIVE ENTERTAINMENT INC.

GUEST-TEK ENTITIES' *EX PARTE* APPLICATION TO QUASH AND RECALL WRIT OF EXECUTION SERVED ON NONPARTY;
CASE NO.: 2:19-CV-04980-AB(SKX)

**TO THE HONORABLE COURT, AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Guest-Tek Interactive Entertainment Ltd. ("LTD") and nonparty Guest-Tek Interactive Entertainment Inc. ("INC") bring this *ex parte* application under L.R. 7-19 to quash and recall the writ of execution that Nomadix served on nonparty INC. (Dkt. No. 221). The reasons supporting this application are more fully set forth in the attached memorandum of points and authorities.

LTD and INC advised Nomadix of this application by email on October 16, 19, and 20. Declaration of Meghan Rohling Kelly ¶ 2. Nomadix opposes the application. *Id.*

**PLEASE TAKE FURTHER NOTICE** that unless otherwise ordered by the Court, Nomadix shall have **24 hours (or one court day)** from delivery of this application to file and serve any papers in opposition to same.

Dated: October 20, 2020

BAKER & HOSTETLER LLP

By: */s/ Kevin M. Bovard*
    Kevin M. Bovard

*Attorneys for Defendant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

and

*Attorneys for Nonparty*
GUEST-TEK INTERACTIVE ENTERTAINMENT INC.

- 1 -
GUEST-TEK ENTITIES' *EX PARTE* APPLICATION TO QUASH AND RECALL WRIT OF EXECUTION SERVED ON NONPARTY;
CASE NO.: 2:19-CV-04980-AB(SKX)

# MEMORANDUM OF POINTS AND AUTHORITIES

As the Court is aware, Nomadix took steps to enforce the judgment that it obtained against Guest-Tek Interactive *Ltd.* ("LTD") despite LTD's pending request for approval of a bond and an order staying enforcement of the judgment. In its rush, Nomadix ███████████████████████ a different company, Guest-Tek Interactive Entertainment *Inc.* ("INC"). ███████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████. As a result, this *ex parte* application for an order quashing and recalling the writ of execution is necessary to ██████████████████.

When it served ████ with the writ of execution, Nomadix told █████
████████████████████████████████████ (Dkt. No. 221 at Special Instructions.) But ███████████████████████████████████. Kelly Decl. Ex. B.[1] Nomadix must have known that it ██████████
████████ because the documents ████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████. Kelly Decl. Ex. C. When asked why Nomadix ██████████
██████████, counsel for Nomadix made the astonishing statement that Nomadix served the writ even though Nomadix "had no idea" ██████████████
████████. Kelly Decl. ¶ 8. Of course, if Nomadix had "no idea" ██████
████, it should not have ██████████████████████████████████.

---

[1] ████████████████████████████████. (Dkt. No. 209.) LTD obtained the bond (Dkt. No. 206), the Court approved the bond (Dkt. No. 220), and the Court stayed execution on the judgment (*id.*). As LTD explained in prior briefing, the stay of execution applies to all of Nomadix's attempts to enforce the judgment, including attempts based on a previously issued writ. (Dkt. No. 215 at 2.)

1    ████████ has told Nomadix several times that ████████████████████████. Kelly
2    Decl. Ex. A at 5. Nomadix has been aware that LTD (which is a Canadian company
3    and the only judgment debtor in this case) and INC are two distinct entities since at
4    least 2010, when it entered into the License Agreement that was separately signed
5    on behalf of LTD and INC.[2] (Dkt. No. 209 at 3.) Nomadix confirmed again this
6    week that it knows these are different companies and it acknowledged that it has no
7    judgment that it can enforce against INC. Kelly Decl. Ex. A at 7 (acknowledging
8    "the Ltd./Inc. distinction"). Despite all this, Nomadix refuses to cooperate ██████
9    ██████████████.
10   ████████████████████████████████████████████████████████████████████
11   ██████████████████████████████████████████████████████. Kelly Decl. Ex.
12   A at 3–4. Despite repeated requests over the last 4 days, Nomadix still has not
13   ████████████████████. Instead, Nomadix is insisting that ████████████
14   ████████████████████████████████████████████████████████████████████
15   ████████████████████████.
16         INC and LTD tried hard to work with Nomadix to avoid having to bring this
17   issue to Court. But to no avail. On Friday, October 16, INC and LTD explained that
18   ████████████████████████████████████████████████████████████████████:
19   ████████████████████████████████████████████████████████████████████
20   ████████████████████████████████████████████████████████████████████
21   ████████████████████████████████████████████████████████████████████
22   ████████████████████████████████████████████████████████████████████
23   ████████████████████████████████████████████████████████████████████
24   ████████████████████████████████████████████████████████████████████
25   ████████████████████████████████████████████████████████████████████
26   ██████████████████████████████████████████████████████████████.

---

[2] The undersigned counsel for LTD also represent INC on this application.

Kelly Decl. Ex. A at 8. Nomadix refused to cooperate unless ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 7. Nomadix's demand for ▮▮▮▮▮▮▮▮▮▮▮▮ is a red herring, not to mention a violation of the stay, as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Kelly Decl. Ex. D at 1 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

On Monday, October 19, INC and LTD again asked Nomadix to withdraw the writ and to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:

[redacted block, lines 9–25]

Kelly Decl. Ex. A at 6. Nomadix responded by repeating its demand for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 5. Nomadix claimed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in a voicemail. *Id.* at 3. But ▮▮▮▮▮▮▮▮

1 ▆▆▆▆▆▆▆▆▆▆ the voicemail said no such thing. Instead,
2 the voicemail said that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
3 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 1. ▆▆▆▆
4 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
5 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* LTD and INC advised Nomadix that
6 they were "happy to get on the phone ▆▆▆▆▆▆▆▆▆▆▆▆▆
7 ▆▆▆▆▆▆▆▆▆▆▆▆ *Id.* at 2.

On October 20, Nomadix finally agreed to get on the phone ▆▆▆▆.
During the phone call, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *Id.* ¶ 7. ▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *Id.*
Nomadix has not committed to ▆▆▆▆▆▆▆▆▆▆. *Id.*

Nomadix never should have served the writ of execution ▆▆▆▆
▆▆▆. The Court should quash and recall it. And given the business disruption
that Nomadix's improper writ has caused to INC and LTD, this requested relief
should be granted *ex parte*.

Under L.R. 7-19, the name, address, telephone number and e-mail address of
counsel for the opposing party are:

> Douglas G. Muehlhauser (SBN 179495)
> doug.muehlhauser@knobbe.com
> Payson LeMeilleur (SBN 205690)
> payson.lemeilleur@knobbe.com
> Mark Lezama (SBN 253479)
> mark.lezama@knobbe.com
> Justin J. Gillett (SBN 298150)
> justin.gillett@knobbe.com
> **KNOBBE, MARTENS, OLSON & BEAR LLP**
> 2040 Main Street, Fourteenth Floor
> Irvine, CA 92614
> Telephone: 949-760-0404

| | |
|---|---|
| Ian T. Clarke-Fisher<br>Joseph L. Clasen<br>**ROBINSON & COLE LLP**<br>666 Third Avenue, 20th Floor<br>New York, NY 10017<br>Telephone: 212-451-2900 | |
| Dated: October 20, 2020 | BAKER & HOSTETLER LLP<br><br>By: */s/ Kevin M. Bovard*<br>      Kevin M. Bovard<br><br>*Attorneys for Defendant*<br>GUEST-TEK INTERACTIVE<br>ENTERTAINMENT LTD.<br><br>and<br><br>*Attorneys for Nonparty*<br>GUEST-TEK INTERACTIVE<br>ENTERTAINMENT INC. |