Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205690)
payson.lemeilleur@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Joseph L. Clasen (admitted *pro hac vice*)
jclasen@rc.com
Ian T. Clarke-Fisher (admitted *pro hac vice*)
iclarke-fisher@rc.com
ROBINSON & COLE LLP
666 Third Avenue, Twentieth Floor
New York, NY 10017
Telephone: 212-451-2910
Facsimile: 212-451-2999

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No. <br> CV19-04980 AB (FFMx) <br><br> **NOMADIX'S OPPOSITION TO *EX PARTE* APPLICATION TO QUASH AND RECALL WRIT OF EXECUTION SERVED ON NONPARTY** <br><br> Honorable André Birotte Jr. |

## I. INTRODUCTION

The Court should deny Guest-Tek Interactive Entertainment Inc.'s ("INC") and Guest-Tek Interactive Ltd.'s ("LTD") (collectively "Guest-Tek") *ex parte* application to quash and recall writ of execution served on nonparty HSBC Bank USA, NA ("HSBC").

Nothing about Guest-Tek's application is proper. First, as a threshold matter, this is the **fourth** time in just over four weeks that Guest-Tek has improperly rushed to court on an *ex parte* basis. (Dkt. Nos. 194, 207, 213, 223/224.) Guest-Tek has failed to demonstrate any emergency justifying circumventing the well-established procedures for the relief it claims to need. The Court should reject Guest-Tek's abuse of the *ex parte* process. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489–92 (C.D. Cal. 1995).

Second, Guest-Tek's dispute is not with Nomadix, but with HSBC. Guest-Tek claims that an account frozen by HSBC belongs to INC, not to the judgment debtor LTD. And Guest-Tek has filed this *ex parte* application because Nomadix would not write a letter to HSBC agreeing that the account belongs to INC and not LTD—something Nomadix has no obligation to do and is not in a position to confirm.

Third, the relief Guest-Tek seeks is to quash and recall the writ of execution, but that is not the solution to the purported problem. The Clerk duly issued the writ, and the U.S. Marshal properly served the writ and notice of levy. HSBC chose to freeze a bank account in response. An *ex parte* application to quash the writ is not the answer. Guest-Tek's recourse is to properly respond to the notice of levy in due course and, if appropriate, seek an exemption from the levy, which often involves an evidentiary hearing.

Fourth, despite having no obligation to intercede on Guest-Tek's behalf with HSBC, Nomadix has gone out of its way to avoid a dispute. After learning of the possibility that HSBC froze an account belonging to INC instead of LTD, counsel

for Nomadix asked Guest-Tek's counsel a simple question: is the tax ID number on the frozen account LTD's tax ID number? If either Guest-Tek or HSBC could confirm that the frozen account has a tax ID number that is *not* LTD's tax ID number, then Nomadix was prepared, under the present set of circumstances, to confirm that HSBC may release the account. Nomadix has made this abundantly clear to both Guest-Tek and HSBC. As of the filing of LTD's *ex parte* application, however, neither Guest-Tek nor HSBC has answered this simple and straightforward question. The only logical explanation is that the tax ID number on the frozen account is that of LTD's and that HSBC has frozen the correct account.

Accordingly, the Court should deny Guest-Tek's *ex parte* application to quash and recall the writ of execution served on nonparty HSBC (Dkt. No. 224).

## II. BACKGROUND

On August 6, 2020, the Court awarded Plaintiff Nomadix attorneys' fees and costs in the amount of $1,099,710. (Dkt. No. 178.) The automatic thirty-day stay under Rule 62(a) expired on September 8, 2020. Guest-Tek failed to post a bond by that date and Nomadix obtained a Writ of Execution on September 17, 2020. (Dkt. No. 193.)

On October 9, 2020, with no stay of execution in place, the U.S. Marshal served non-party HSBC with a Writ of Execution and Bank Levy. The Bank Levy identified LTD, along with the account with the name of "Guesttek" (the "Account"). Apparently, HSBC responded by freezing the Account. HSBC later contacted Nomadix and advised that although the Account may not be in the name of LTD, it froze the account, in part, because the Account had the same tax ID as an account that was previously in LTD's name or that the account at issue may itself be under LTD's tax ID. (HSBC's precise rationale here is unclear, but what is clear is that there was confusion on HSBC's end on who owned the account.)

On October 16, 2020, Guest-Tek, through its counsel, advised that it believed the account that was frozen was INC's account and not LTD's. From that

point on, Nomadix asked the simple question: is the tax ID on the Account LTD's tax ID? This was an issue that was raised by HSBC and one which has yet to be answered.

More specifically, on October 20, 2020, Nomadix advised that "if [Guest-Tek's counsel will] confirm, as an officer of the Court, that the frozen account ending in [redacted] has a tax ID that is not Ltd.'s tax ID number, that will satisfy Nomadix." Later the same day, Nomadix's counsel reiterated that LTD's counsel has not answered the simple question posed: "is the tax ID number on the account at issue the tax ID number of Ltd.?" Guest-Tek's counsel continued to refuse to answer this simple question.

In an effort to avoid Guest-Tek's unnecessary *ex parte* application, on October 20, 2020, Nomadix's counsel reached out to Guest-Tek's counsel by phone. During the telephone call, Guest-Tek's counsel continued to refuse to confirm that the Account is not in LTD's tax ID number. The parties agreed to jointly call HSBC to see whether HSBC could provide this confirmation. During the telephone call with the HSBC representative, HSBC was unable to confirm that that the account was not in LTD's tax ID number, but the HSBC representative informed the parties that she would follow up either that evening or Wednesday, October 21 with a response. (*See* Clarke-Fisher Decl. Ex. 1.) Rather than waiting for HSBC to provide the information that Guest-Tek already had, Guest-Tek, as seems to be its preferred practice, unnecessarily involved the Court and filed the instant *ex parte* application the evening of October 20.

The next morning, Nomadix's counsel immediately contacted HSBC to see if the tax ID issue had been sorted out. During that conversation with HSBC, Nomadix's counsel was advised **for the first time** that the Account may not be in LTD's tax ID. Accordingly, at 12:40 pm Eastern, Nomadix's counsel sent a confirmation email to both Guest-Tek's counsel and HSBC asking that HSBC

confirm this in writing. (Clarke-Fisher Decl. Ex. 1.) More specifically, Nomadix's email reads as follows:

> Assuming HSBC confirms in writing that the account ending in [redacted] is not under Ltd.'s tax ID and has never been under Ltd.'s tax ID by responding to this email with "confirmed," Nomadix will rely on HSBC's confirmation and consents to the account being released from the hold.

(Clarke-Fisher Decl. Ex. 1.) Having received no response from HSBC, Nomadix's counsel sent an email to HSBC independently seeking confirmation by 4:30 pm Eastern. At 4:48, someone in HSBC's legal department responded, "I am waiting for a response from our generals [sic] counsel office. We will respond shortly." (Clarke-Fisher Decl. Ex. 2.) However, as of the filing of this opposition, neither HSBC nor Guest-Tek has confirmed that the Account is not under LTD's tax ID.

### III. THE COURT SHOULD DENY GUEST-TEK'S APPLICATION

The Court should deny Guest-Tek's *ex parte* application to quash and recall writ of execution because Guest-Tek has not shown that HSBC froze the wrong account. The documents, which purportedly support Guest-Tek's claim that HSBC froze an account belonging to INC, are completely unavailing. These documents merely demonstrate that the frozen Account is in the name of "Guesttek" and that INC and LTD are separate entities. Nomadix does not dispute either proposition.

"Guesttek," however, is not the full legal name of an actual entity. Moreover, even if "Guesttek" was meant to refer to INC, the name of an account is not dispositive as to ownership. This is why HSBC raised the tax ID issue, once it became aware that the Account had some relationship with LTD's tax ID. In response, Nomadix has simply requested confirmation that LTD's tax ID is not on the Account. Despite repeated requests, neither Guest-Tek, nor HSBC has confirmed this simple request which would obviate Guest-Tek's motion.[1] Without

---

[1] In a footnote, Guest-Tek claims, citing no authority, that even if it were a LTD account, "Nomadix would not have been entitled to freeze that account." A stay of execution, however, takes effect only when the bond is approved, and it does not

- 4 -

this information, it is unclear how Guest-Tek can state that HSBC is holding the wrong account.

For the time being, under present circumstances, Nomadix was prepared to voluntarily confirm that it did not object to HSBC releasing the hold on the Account, provided that it received satisfactory confirmation that the Account has never been under LTD's tax ID. Guest-Tek's failure to answer this simple question, let alone come forward with clear proof, demonstrates that *ex parte* adjudication of this issue is improper. Guest-Tek should follow the proper procedure for responding to the levy and seeking exemption, which will allow the parties and the Court to consider the issue on a full record in accordance with due process and on a normal schedule, and with a hearing. *See* Cal. Code Civ. Proc. § 703.510 *et seq.* Quashing a writ that the Clerk duly issued and the U.S. Marshal duly served is not the appropriate answer.

Accordingly, the Court should deny Guest-Tek's application in its entirety.

Respectfully submitted,

ROBINSON & COLE LLP

Dated: October 21, 2020

/s/ *Ian T. Clarke-Fisher*
Joseph L. Clasen
Ian T. Clarke-Fisher

KNOBBE, MARTENS, OLSON & BEAR, LLP
Douglas G. Muehlhauser
Payson LeMeilleur

---

apply retroactively. *See Ribbens Intern., S.A. de C.V. v. Transport Intern. Pool, Inc.*, 40 F. Supp. 2d 1141, 1144 (C.D. Cal. 1999). Here, the bond was not approved until October 13, 2020 (Dkt. No. 220)—after HSBC was served with the Bank Levy on October 9, 2020. Moreover, Nomadix has confirmed the stay with HSBC and Guest-Tek. It is only in this footnote that Guest-Tek raises this issue, and prior to filing this application, Guest-Tek did not raise this once as a basis for releasing the account.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark Lezama
Justin J. Gillett

Attorneys for Plaintiff
NOMADIX, INC.